THIS is an appeal from a degree of the circuit court of Montgomery, dismissing the bill oí Conner, exhibited in that court against Mason, &c.
The object of the bill, was to obtain the legal title and possession of a lot of ground in the town of Mount-sterling. The lot appears to have been sold in 1799, by the sheriff of Montgomery, under various executions which issued against the estate of Conner, and the possession is held by Mason &c. claiming through that sale, and under a deed of conveyánce made bythe sheriff in virtue thereof, and other deeds made by those .having an interest in the purchase at the sheriff’s sale; together with a deed to Mason from a certain Judy, •who appears to have been one of the original proprietors of the land on which the town of Mountsterling was established 8cc. The bill of Conner admits the sale made by the sheriff, and after setting out the claim of Mason &c. and their possession of the lot under that sale, alleges, that the legal title to the lot was not in Conner at the time of the sale; charges that Conner then held but an equity in the lot, and without suggesting any inadequacy in the price given for the lot at the sale of the sheriff, urges the sale to have been in violation of law; and after making those through whom Conner derived his equity, the trustees of the town, find all others, interested parties, asks for the posses.. *255 si,on to be delivered and the legal title conveyed to
* ■ • tI . Mason, &c. answer, denying the illegality of the sale made of the lot by the sheriff; ad m it they cl aim the possession through that sale 5 allege thatafterthe executions against the estate of Conner were delivered to the sheriff, Conner, then holding a deed of conveyance made to him by the trüsteés, delivered the deed for the lot to the sheriff, with directions to sell the same in^Iischarge of the executions, and that in consequence thereof, the lot was sold by the sheriff and the possession delivered by Conner, who, at the time of the sale, resided on the lot. The answer moreover insists, that Conner should not be relieved in a court of equity.
We apprehend the court below, were correct in decreeing a dismission of the bill. In arriving at this conclusion, we have not deemed it necessary to enquire, in whom the legal title of the lot resided, at the time of the sale made by -the sheriff; for, admitting that under the laws of this country a merely equitable title to lands cannot be regularly sold by a sheriff, in vir. tueofa writ of fieri facias, and conceding that at the time the lot was sold, Conner held therein nothing more than an equity, still we should be of opinion, that, under the circumstances of this case, he ought not to be relieved iti a court of equity.
Though Conner may not have been clothed with the legal title, it is proved that he held a deed for the lot from the trustees, and voluntarily surrendered that deed to the sheriff, in whose hands executions were placed against his estate, at the same time instructing the sheriff to sell the lot for the purpose of satisfying those executions; and that, with his assent, the lot was not only sold by the sheriff, and the proceeds of sale applied to the satisfaction of the executions ; but after the sale the possession of the lot was delivered by Conner to the purchaser. After having thus procured the lot to be sold, and being the active agent in causing others to advance their money in making the purchase, it would be palpably iniquitous now to permit the title of those claiming under that purchase to be disturbed by Conner, without even a suggestion of fraud or inadequacy of price given for the lot, hut merely on the ground of his not having been invested-with the legal title when the lot was sold.
The decree must be affirmed with costs.